UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SABIR SHABAZZ,<br><br>　　　　　　　　Defendant. | CASE NO. CR12-0033JLR<br><br>ORDER |

Before the court is *pro se* Defendant Sabir Shabazz's motion to correct an error under Federal Rule of Criminal Procedure 36.[1]  (Mot. (Dkt. # 180).)  Mr. Shabazz argues that the court violated Rule 32(i)(3)(C) by failing to attach a sentencing transcript to the presentence investigation report ("PSR") before transmitting the PSR to the Bureau of Prisons ("BOP").  (*Id.* at 2-3 (stating that during his sentencing hearing, the undersigned

---

[1] Rule 36 provides that clerical mistakes in judgments, orders or other parts of the record may be corrected by the court "at any time." Fed. R. Crim. P. 36.  Mr. Shabazz's motion is properly brought under Rule 36, as that rule provides a remedy for violations of Rule 32(i)(3)(C). *See United States v. Knockum*, 881 F.2d 730, 732 (9th Cir. 1989).

ORDER - 1

made certain rulings and/or statements regarding his counsel's objections to certain statements and enhancements in the PSR).) Plaintiff the United States of America (the "Government") filed a response to Mr. Shabazz's motion. (Resp. (Dkt. # 181).) The Government states that if the court provided a statement of reasons ("SOR") to the BOP, then Mr. Shabazz's motion should be denied. (*Id.* at 2.) If the court did not, then the Government states that the motion should be granted and the court should correct the record by providing its SOR or the sentencing transcript to the BOP. (*Id.*)

Federal Rule of Criminal Procedure 32(i)(3) states that at sentencing, the court:

> (A) may accept any undisputed portion of the presentence report as a finding of fact;
>
> (B) must–for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and
>
> (C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

Fed. R. Crim. P. 32(i)(3). Rule 32 does not require the court to attach a sentencing transcript to the PSR if the court attaches a SOR that adequately explains the sentencing decision. *See, e.g.*, Fed. R. Crim. P. 32 advisory committee's notes to 1983 amendments ("New subdivision (c)(3)(D) [now (i)(3)(C)] does not impose an onerous burden. It does not even require the preparation of a transcript. As is now the practice in some courts, these findings and determinations can be simply entered onto a form which is then appended to the report."); *Doganiere v. United States*, 914 F.2d 165, 169 (9th Cir. 1990)

//

ORDER - 2

(explaining that district court should have appended the sentencing transcript or a SOR to the PSR before it was transmitted to the BOP).

In this case, the United States Probation Office attached a SOR to the PSR before transmitting the PSR to the BOP. Among other things, the SOR explains that the court adopted the stipulated guideline calculations set forth in the plea agreement, rather than the calculations set forth in the PSR, and explains the factors that the court considered when determining Mr. Shabazz's sentence. Accordingly, the court concludes that it did not violate Rule 32(i)(3)(C) because the SOR sufficiently explains the court's reasoning as to Mr. Shabazz's sentence and was appended to the PSR before the PSR was transmitted to the BOP. Nevertheless, the court GRANTS Mr. Shabazz's motion to correct an error (Dkt. # 180) and DIRECTS the United States Probation Office to attach the sentencing transcript (Dkt. # 142) to the PSR (Dkt. # 48) and provide those documents to the BOP.

Dated this 14th day of September, 2023.

JAMES L. ROBART
United States District Judge