UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SABIR SHABAZZ,<br><br>　　　　　　　Defendant. | CASE NO. CR12-0033JLR<br><br>ORDER |

## I.　INTRODUCTION

Before the court is Defendant Sabir Shabazz's motion for reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. (Mot. (Dkt. # 194); Reply (Dkt. # 205).[1]) Plaintiff the United States of America (the "Government") opposes the motion. (Resp. (Dkt. # 201).) The court has considered the parties' submissions, the balance of

---

[1] The court grants Mr. Shabazz's motion to file an untimely reply. (*See id.* at 1.)

ORDER - 1

the record, and the applicable law. Being fully advised, the court DENIES Mr. Shabazz's motion.

## II.  BACKGROUND

The court set forth much of the factual and procedural background of this matter in its prior orders and does not repeat that background here except as relevant. (*See, e.g.*, 10/06/22 Order (Dkt. # 172) at 2-3.) Mr. Shabazz is a 35-year-old inmate currently detained at United States Penitentiary, Florence Administrative Maximum Facility ("ADX-Florence"). (10/06/25 Order at 2; *see also* PSR (Dkt. # 164 (sealed)).) Mr. Shabazz pled guilty to three counts of assault of a federal officer with a dangerous weapon in violation of 18 U.S.C. §§ 2, 111(a), and 111(b) and one count of benefiting from forced labor in violation of 18 U.S.C. § 1589(b). (Mot. at 1; Plea Agreement (Dkt. # 24) at 1-3.) Pursuant to the terms of the plea agreement, the parties agreed to recommend a sentence within the range of 25 to 35 years. (Mot. at 1; Resp. at 7; Plea Agreement ¶ 12.) On January 15, 2013, the court sentenced Mr. Shabazz to 32 years of imprisonment and three years of supervised release. (Judgment (Dkt. # 41); 1/15/13 Min. Entry (Dkt. # 40).) Mr. Shabazz's projected release date is in April of 2038. (*See* Mot. at 1; Resp. at 2; Judgment at 2.)

## III.  ANALYSIS

Mr. Shabazz seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 asking the court to reduce his sentence from 32 years to 28 years. (*See generally* Mot.) He asks the court to reduce his term of imprisonment because Part A of Amendment 821 struck the "status points" provision of USSG § 4A1.1(d), retroactively

reducing his criminal history category. The Government agrees that Mr. Shabazz meets the eligibility requirements for a reduction but maintains that the original sentence should not be reduced. (Resp. at 12-17). The court sets forth the standard of review before turning to its analysis of Mr. Shabazz's motion.

A court generally may not correct or modify a prison sentence once it has been imposed, unless permitted by statute or by Federal Rule of Criminal Procedure 35. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The court begins with the principle that a "judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). 18 U.S.C. § 3582(c)(2) carves an exception to the general rule of finality. Amendment 821, commonly referred to as the "Status Points" and "Zero-Point Offender" amendments, applies retroactively and provides for a reduction in sentence for certain offenders. *See Amendment 821*, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited November 21, 2025).

In the "status points" amendment, Part A to Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, setting forth that a person who otherwise presents seven criminal history points or more now receives one additional "status" criminal history point, instead of the two points that were applied in the previous version of this subsection, while a person who otherwise presents six criminal history points or fewer receives no status points. *See Amendment 821*. A status point in federal sentencing is a point added to the defendant's criminal history score if

they commit the instant offense while serving a sentence in another case, e.g. probation, parole, or supervised release. *See* USSG § 4A1.1 (setting forth the scheme for calculating a defendant's criminal history score); *see also id*. § 4A1.2 (defining a "criminal justice sentence" as having a custodial or supervisory component).

"In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual[,] . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(1). Section 3582(c)(2) directs the court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" in determining whether to "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(2); *see generally* 18 U.S.C. § 3553(a)(1)-(7). "An analysis under § 3553(a) involves considering the totality of the circumstances, but '[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them.'" *United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013) (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008)). Although a "lengthy explanation" is unnecessary, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Here, Mr. Shabazz argues that under Amendment 821, he is in Criminal History Category III (4-6 points), not Category IV (7-9 points) and that at Category III, his sentencing range is reduced from 168-210 months to 151-188 months. (Mot. at 7.) Mr. Shabazz requests a proportional reduction to his current 32-year sentence based on the

new guideline calculation which would be a reduction of about 10%, amounting to 28 years. (*Id*. at 8.) Mr. Shabazz asserts that a proportional reduction is warranted under the § 3553(a) factors because future defendants with similar records found guilty of similar conduct will receive shorter sentences under the new guidelines; a 28-year sentence is "sufficient to reflect seriousness, promote respect for the law and provide just punishment" especially due to Mr. Shabazz spending the first 9 years of his incarceration in isolation; Mr. Shabazz's codefendant received a 28-year sentence; and he has shown remorse and made efforts toward rehabilitation. (*Id*. at 8-11.)

The court finds that the § 3553(a) factors do not weigh in favor of a sentence reduction. The court recognizes that the guideline range has been reduced, but the Sentencing Guidelines "are to be the sentencing court's 'starting point and . . . initial benchmark.'" *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). Although Amendment 821 would reduce Mr. Shabazz's Criminal History Category from IV to III, his Total Offense Level of 32 which was determined by the court at sentencing does not change. (Resp. at 12; *see also* Sentencing Tr. (Dkt. # 142) at 38.) The court recognized during sentencing that:

> This is an unusual case in that the parties in the plea agreement, which is very significant to [the court], establish: One, the total offense level and guideline range; and then the parties obligate themselves to a sentencing range which is substantially. . . above that guideline range.

(Sentencing Tr. at 37-38; *see also* Plea Agreement at 9 ("The parties agree, notwithstanding the advisory sentencing guideline ranges, to make a recommendation of imprisonment within the range of not less than 25 years and not greater than 35 years.").)

ORDER - 5

Therefore, the court is not convinced by Mr. Shabazz's argument regarding future defendants and sentencing disparities because the parties agreed to a plea agreement substantially above the guideline range in the first place. The facts of this case are unique to the instant matter and Mr. Shabazz.

The court concludes that the present sentence best reflects the seriousness of Mr. Shabazz's offenses while affording adequate deterrence to criminal conduct. As the Government points out, Mr. Shabazz victimized vulnerable minors, and also repeatedly struck Officer M.M. in the head with a steel pipe along with assaulting other Federal Officers. (*See* Resp. at 3-7.) While Mr. Shabazz states that a "28-year sentence would align [his] term with that of his more mature codefendant, Roy Fritts, who was a career offender and the apparent instigator, yet received only 28 years" (Reply at 4), that characterization ignores Mr. Shabazz's own criminal past and the fact that it was Mr. Shabazz who personally struck Officer M.M "in the head approximately 7-8 times" (Plea Agreement at 6). While the court acknowledges that Mr. Shabazz may feel remorse and commends his postconviction rehabilitation efforts, the impact his actions had and continue to have on the victims cannot be ignored. (*See* Statement of A.S. (Dkt. # 203 (sealed)) (describing Mr. Shabazz as the primary aggressor who was in control of his own actions, not Mr. Fritts, along with long-term effects A.S. continues to face as a result of Mr. Shabazz's offenses); Statement of N.H. (Dkt. # 203 (sealed)) (explaining how Mr. Shabazz affected Officer M.M and his family, countering Mr. Shabazz's assertion that he suffered extraordinary punishment because he was in solitary confinement; and denying Mr. Shabazz's claim of personal growth.)

The court's analysis of Mr. Shabazz's sentencing remains unchanged. Based on its consideration of the totality of the circumstances, the court concludes that Mr. Shabazz must serve the remainder of his original sentence.

### IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Shabazz's motion (Dkt. # 194).

Dated this 24th day of November, 2025.

JAMES L. ROBART
United States District Judge